Filed 7/27/15  P. v. Vanwert CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LANDON NATASHA VANWERT,<br><br>Defendant and Appellant. | B260913<br><br>(Los Angeles County<br>Super. Ct. No. MA058457) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Landon Natasha Vanwert was charged in a felony complaint with second degree burglary and forgery based upon a May 30, 2012 incident at California Check Cashing. The complaint alleged defendant "passed, uttered, and published, and attempted to do so, with intent to defraud a person, and possessed, with like intent, to utter, pass and publish, a fictitious and altered bill, note, and check, purporting to be the bill, note, and check, and

other instrument in writing for the payment of money and property of a real and fictitious financial institution."

Defendant entered a negotiated plea of no contest to the burglary charge and was placed on formal probation for three years on February 11, 2013. At the time of her plea, the court noted the loss was $970. Defendant's probation was summarily revoked on November 13, 2014, pending a formal probation revocation hearing.

Prior to the probation revocation hearing, defendant filed a petition pursuant to Penal Code section 1170.18 to reduce her sentence pursuant to Proposition 47, arguing she had been convicted of "A Shoplifting crime" and "A Forgery crime." The trial court denied the petition on the ground defendant has not carried the burden of establishing that her commitment offense was shoplifting or any other offense affected by Proposition 47. The court explained, "Here we don't have a shoplifting case. This isn't an incident where she goes into some sort of retail store with the intent to take something from there. This is entering, akin to a check cashing place with a fraudulent check. The amount of which is $970.40. [¶] And so I don't believe that it falls under the shoplifting statute[1] that is newly added. [¶] In addition, under the circumstances where we have a check in a defined amount, as opposed to say an estimate on the value of something that is taken, that exceeds $950; just preliminarily, it doesn't appear to the court that the defendant is eligible for that reduction."

Defendant then admitted violating her probation and the trial court sentenced her to two years in prison.

---

[1] Proposition 47 added Penal Code section 459.5 defining shoplifting, a misdemeanor, as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary."

Defendant filed a timely appeal of the order denying her Proposition 47 petition. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On May 13, 2015, we advised defendant she had 30 days within which to personally submit any contentions or issues she wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


            MOOR, J.*

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

---

 **\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3